

COPY

1  SEYFARTH SHAW LLP
   Jon D. Meer (SBN 144389)
2  jmeer@seyfarth.com
   Casey J.T. McCoy (SBN 229106)
3  cjtmccoy@seyfarth.com
   2029 Century Park East, 35th Floor
4  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  SEYFARTH SHAW LLP
   Simon L. Yang (SBN 260286)
7  syang@seyfarth.com
   333 South Hope Street, Suite 3900
8  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
9  Facsimile: (213) 270-9601

10 Attorneys for Defendants
   BP WEST COAST PRODUCTS LLC;
11 BP PRODUCTS NORTH AMERICA INC.;
   DALE ERICKSON; DAN ROBINSON; and
12 MARYCLAIRE HAMMOND

13            UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15 SCOTT TENNEY, an individual,          )  Case No. SACV12 - 1493 JVS (RNBx)
                                          )  _____
16            Plaintiff,                  )
                                          )
17       vs.                              )  DECLARATION OF CASEY J.T.
                                          )  MCCOY IN SUPPORT OF
18 BP WEST COAST PRODUCTS, LLC, a         )  DEFENDANTS' NOTICE OF REMOVAL
   Delaware Limited Liability Company;    )
19 BP PRODUCTS NORTH AMERICA,             )
   INC. a Maryland corporation; DALE      )
20 ERICKSON, an individual; DAN           )  Complaint Filed:    August 7, 2012
   ROBINSON; an individual;               )
21 MARYCLAIRE HAMMOND, an                 )
   individual; and DOES 1 - 50 inclusive, )
22                                        )
            Defendants.                   )
23 _____    )

24

25

26

27

28

By Fax

DECLARATION OF CASEY J.T. MCCOY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Casey J.T. McCoy, declare and state as follows:

1.      I am an attorney duly licensed to practice before this Court and all courts of the State of California.  I am an associate with the law firm of Seyfarth Shaw LLP, counsel of record for Defendants BP West Coast Products LLC, BP Products North America Inc, Dale Erickson, Dan Robinson and Maryclaire Hammond.  I have personal knowledge of the facts set forth in this declaration, and would and could competently testify thereto if called upon to do so.

2.      A true and correct copy of the Summons, Complaint, Notice of Case Assignment, and ADR Information Package are collectively attached to the Notice of Removal as **Exhibit "A"**.

3.      On or about August 13, 2012, Defendants agreed to accept service on behalf of individual defendants Dan Robinson and Maryclaire Hammond.  On August 27, 2012, Plaintiff mailed a Notice and Acknowledgement of Receipt to serve defendants Robinson and Hammond.  Counsel signed the Notice of Acknowledgment on behalf of Defendants Robinson and Hammond on September 5, 2012.  A true and correct copy of the signed Notice and Acknowledgment of Receipt is attached to the Notice of Removal as **Exhibit "B"**.

4.      In connection with the preparation of this Notice of Removal, I reviewed the personnel file of Scott Tenney.  During his entire period of employment his annual salary was always $ 90,000 or more.

5.      Plaintiff's alleged lost wages from the date he alleges he went on stress leave, April 11, 2011, through the date of judgment (assuming judgment is entered one year from the date of the filing of this lawsuit), based on his lowest annual salary totals approximately $225,600.

6.      Plaintiff also claims that he was purportedly "misclassified" as an exempt executive employee and, thus, seeks overtime pay.  In particular, Plaintiff alleges that he does not supervise employees, is not involved in the hiring or firing of employees, and does not evaluate employees, such that he should receive overtime pay for any work over

1

eight hours in a day or 40 hours in a week.  (Complaint, ¶58.)  Assuming that Plaintiff worked 5 hours of overtime a week for the three year statutory period (which Defendants deny) at an annual salary of $90,000, this amount equals $50,625 ($45 (hourly rate) X 1.5 (overtime premium) X 5 (hours of overtime per week) X 50 (workweeks in a year) X 3 (number of years of overtime Plaintiff will argue he can recover)).

7.    In connection with Plaintiff's overtime claim, he also seeks penalties for allegedly inaccurate wage statements.  According to Plaintiff's methodology, the potential recovery for these penalties is $50.00 for the first violation and $100.00 per pay period for each subsequent violation of section 226, up to a maximum of $4,000.  (Complaint, ¶65.)  One year's worth of these penalties easily reaches the cap of $4,000 ($50.00 X ($100.00 X 49)), which is the amount Plaintiff will allege he can recover.

8.    Thus, based on Plaintiff's alleged lost wages, unpaid overtime, and penalties, Plaintiff's potential recovery is $280,225.  Adding Plaintiff's alleged emotional distress, medical expenses, and punitive damages, there is no question that this amount exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 7th day of September, 2012, at Los Angeles, California.

_____
Casey J.T. McCoy

2

DECLARATION OF CASEY J.T. MCCOY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL



2:20  ┌ 8/2

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** BP WEST COAST PRODUCTS, LLC, a
*(AVISO AL DEMANDADO):* Delaware Limited Liability Company; BP
PRODUCTS NORTH AMERICA, INC. a Maryland corporation; DALE
ERICKSON, an individual; DAN ROBINSON; an individual;
MARYCLAIRE HAMMOND, an individual; and DOES 1 - 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SCOTT TENNEY, an individual,

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG - 7 2012

ALAN CARLSON, Clerk of the Court

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF ORANGE, CENTRAL JUSTICE CENTER<br>700 West Civic Center Drive<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>**30-2012** **00589281** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James T. Jackson, Esq. (SBN 153587)          (714) 972-2333
MERHAB ROBINSON & JACKSON
1551 N. Tustin Ave., Ste. 910
Santa Ana, CA 92705

JUDGE GREGORY H. LEWIS
DEPT. C26

**J. HAINES**

| DATE:<br>*(Fecha)*  AUG - 7 2012 | Clerk, by<br>ALAN CARLSON *(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BP Products North America Inc a Maryland Corporation

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

1 | James T. Jackson, Esq. SBN 153587
Email: jjackson@mrjlaw.net
2 | Hope Erin Gray, Esq. SBN 275625
Email: hgray@mrjlaw.net
3 | **MERHAB ROBINSON & JACKSON**
**A PROFESSIONAL CORPORATION**
4 | 1551 North Tustin Avenue, Suite 910
Santa Ana, California 92705
5 | Tel: (714) 972-2333; Fax: (714) 972-2296

6 | Attorneys for Plaintiff SCOTT TENNEY, an individual

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG -7 2012

ALAN CARLSON, Clerk of the Court

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11 | SCOTT TENNEY, an individual,

12 | Plaintiff,

13 | vs.

14 | BP WEST COAST PRODUCTS, LLC, a
15 | Delaware Limited Liability Company; BP
PRODUCTS NORTH AMERICA, INC. a
16 | Maryland corporation; DALE ERICKSON, an
individual; DAN ROBINSON, an individual;
17 | MARYCLAIRE HAMMOND, an individual;
and DOES 1 - 50 inclusive,

18 | Defendants.

19

Case No. 30-2012
**00589281**

**COMPLAINT FOR DAMAGES:**

1. **DISPARATE TREATMENT BASED ON MEDICAL CONDITION** [Govt. Code §12900, et seq.]
2. **DISCRIMINATION AND FAILURE TO PREVENT DISCRIMINATION BASED ON DISABILITY** [Govt. Code §12900, et seq.]
3. **HARASSMENT/HOSTILE WORK ENVIRONMENT** [Govt. Code §12900, et seq.]
4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATION FOR MEDICAL CONDITION** [Govt. Code § 12900, et seq.]
5. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS** [Govt. Code §12900, et seq.]
6. **RETALIATION IN VIOLATION OF PUBLIC POLICY** [Govt. Code § 12900, et seq.]
7. **FAILURE TO TAKE STEPS TO PREVENT HARASSMENT AND DISCRIMINATION IN THE WORK PLACE** [Govt. Code §12900, et seq.]
8. **FAILURE TO PAY OVERTIME WAGES** [Labor Code §§ 510 & 1194]
9. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** [Labor Code § 226]
10. **DEFAMATION**
11. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**JUDGE GREGORY H. LEWIS**
**DEPT. C26**

1

**COMPLAINT FOR DAMAGES**

**12. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff, SCOTT TENNEY, an individual, hereinafter complains and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, SCOTT TENNEY, an individual, ("Tenney" or "Plaintiff") is presently, and at all relevant times herein, was a resident of the State of California, County of Orange.

2. Plaintiff is informed and believes and thereon alleges that Defendant, BP WEST COAST PRODUCTS, LLC, ("BP West Coast" or 'Defendant") is, and at all relevant times mentioned in this Complaint was, a Delaware Limited Liability Company, authorized to conduct business, and was conducting business, in the State of California , with its principal place of business in the County of Los Angeles, California.

3. Plaintiff is informed and believes and thereon alleges that Defendant, BP PRODUCTS NORTH AMERICA, INC., ("BP North America" or 'Defendant") is, and at all relevant times mentioned in this Complaint was, a Maryland corporation, authorized to conduct business, and was conducting business, in the State of California.

4. Plaintiff is informed and believes and based thereon alleges that Defendant DALE ERICKSON ("Erickson" or "Defendant Erickson") is an individual who at all relevant times mentioned herein was, a resident of the State of California, residing in Orange County, California, an employee of Defendant BP West Coast and BP North America, and a supervisor over Plaintiff.

5. Plaintiff is informed and believes and based thereon alleges that Defendant DAN ROBINSON ("Robinson" or "Defendant Robinson") is an individual who at all relevant times mentioned herein was, a resident of the State of California, residing within the jurisdiction of this court, an employee of Defendant BP West Coast and/or BP North America, and a supervisor over Plaintiff.

6. Plaintiff is informed and believes and based thereon alleges that Defendant MARYCLAIRE HAMMOND("Hammond" or "Defendant Hammond") is an individual who at all relevant times mentioned herein was, a resident of the State of California, residing within the

---

2

**COMPLAINT FOR DAMAGES**

1  jurisdiction of this court, and an employee of Defendant BP West Coast and/or BP North

2  America.

3      7.     Plaintiff is informed and believes and thereon alleges that at all times relevant

4  herein, the individual Defendants were acting in their individual capacities as well as their

5  capacities as employees, agents, and officers of Defendant BP West Coast and/or BP North

6  America.

7      8.     Plaintiff does not know the true names of Defendants named herein as DOES 1

8  through 50, inclusive and, therefore, sues them by those fictitious names. Plaintiff is informed

9  and believes and thereon alleges that the DOE Defendants are California residents and/or

10  California corporations, or other entities authorized to conduct business in California. Plaintiff is

11  informed and believes and thereon alleges that each of the fictitiously named DOE Defendants,

12  sued herein, is legally responsible in some manner for the events and happenings referred to

13  herein, and, Plaintiff will seek leave of this Court to amend this Complaint to insert the true

14  names and capacities of said DOE Defendants, when the same becomes known to Plaintiff.

15      9.     Plaintiff is further informed and believes and based thereon alleges that those

16  Defendants named as DOES 1 through 50, inclusive, were the agents, servants, representatives,

17  independent contractors, partners, joint venturers, alter egos, and/or employees of each of the

18  other Defendants, and acted within the course and scope of such agency or employment and with

19  the express and/or implied approval, permission, knowledge, consent and ratification of each of

20  the other Defendants.

21      10     Plaintiff has exhausted his administrative remedies as evidenced in Exhibits

22  "A" through "E" attached hereto.

23                          PRELIMINARY ALLEGATIONS

24      11.     Plaintiff is informed and believes and thereon alleges that, he first became

25  employed by BP West Coast and/or BP North America on or about July 5, 2005.

26      12.     Plaintiff is informed and believes and thereon alleges that, from the time he

27  was first employed by BP West Coast and/or BP North America, Plaintiff held the position of

28  Business Analyst. Plaintiff is further informed and believes and thereon alleges that, BP West

3

**COMPLAINT FOR DAMAGES**

1    Coast and/or BP North America intentionally mis-classified Plaintiff as a "salaried" or "exempt"

2    employee to avoid having to pay Plaintiff for his hours worked in excess of eight (8) hours per

3    day, or forty (40) hours per week, when in fact, Plaintiff was, and should have been classified as

4    a non-exempt hourly employee. Plaintiff is further informed and believes and thereon alleges

5    that, as a result of BP's intentional mis-classification of Plaintiff's employment status, Plaintiff

6    has not received compensation for this overtime work, in violation of the California Labor Code

7    §§ 510 and 1194. Plaintiff is further informed and believes and thereon alleges that BP has mis-

8    classified many employees in an attempt to avoid payment of overtime wages. At the appropriate

9    time, Plaintiff will seek leave to amend this complaint as a class action suit for all BP employees

10   similarly situated. Plaintiff is informed and believes and thereon alleges that, he worked in

11   excess of 50 hours per week during his 6 plus years of employment with BP, which totals in

12   excess of 3,100 hours of uncompensated overtime.

13       13.     Plaintiff is informed and believes and thereon alleges that he has been subjected to

14   a hostile work environment, and discrimination based on his medical condition, wherein he was

15   subjected to disparate and unfair treatment as a result of complaining about said discrimination,

16   the abusive and unwarranted derogatory comments being made about Plaintiff by Erickson.

17   Plaintiff is further informed and believes and thereon alleges that, as a result of complaining

18   about said discrimination and derogatory and defamatory comments by Erickson, Erickson

19   retaliated against Plaintiff by threatening to punish Plaintiff due to the impact Plaintiff's medical

20   condition was having on Plaintiff's daily reporting/start times. Plaintiff is further informed and

21   believes and thereon alleges that, in or about 2007 Plaintiff experienced an aggravation of his

22   medical condition, which caused Plaintiff to arrive at work between 5 to 45 minutes late. As a

23   further result of Plaintiff's medical condition, Erickson started harassing Plaintiff about his

24   tardiness, although Plaintiff had made Erickson aware of his medical condition. Furthermore,

25   although harassing Plaintiff about his condition, Erickson did not take any negative action

26   against Plaintiff in the form of negative performance evaluations. Although Erickson had known

27   of Plaintiff's medical condition for some time, yet did not feel it impacted Plaintiff's job

28   performance, after Plaintiff complained of Erickson's harassment of Plaintiff, and Plaintiff's

4

**COMPLAINT FOR DAMAGES**

1    request to be transferred to another division, outside Erickson's supervision, Erickson retaliated

2    against Plaintiff by giving Plaintiff his first below standard performance evaluation, based solely

3    on Plaintiff's medical condition.

4        14.    Plaintiff is further informed and believes and thereon alleges that, the harassment

5    and improper treatment of Plaintiff continued and flowed over to his ability to seek positions in

6    other division, and outside Erickson's supervision.  Plaintiff is further informed and believes and

7    thereon alleges that, upon interviewing for the position of Procurement Contracts Manager, the

8    hiring manager advised Plaintiff that Erickson  was damaging Plaintiff's reputation by relaying

9    negative information about Plaintiff.  Plaintiff is further informed and believes and thereon

10   alleges that, upon expressing his concerns to Human Resources ("HR"), regarding the harassing

11   treatment by Erickson and, Erickson's failure to grant Plaintiff a reasonable accommodation due

12   to Plaintiff's medical condition, Plaintiff received no response to his complaints.  Thus Plaintiff

13   contacted the "Continuous Improvement Program Leader" and the "Business Unit Leader," again

14   to no avail.  Upon contacting HR a second time,  Defendant Hammond advised Plaintiff that she

15   was aware of Erickson's conduct, and that Plaintiff was "not the only person who had

16   complained about his [Erickson's] conduct."  However, Hammond never took any action, or

17   even investigated Plaintiff's complaints, but instead passed the information back to Erickson and

18   Robinson, which lead to the retaliation against Plaintiff, in the form of a below standard

19   performance evaluation, loss of bonus, demotion upon returning to work after medical leave, and

20   refusal to consider Plaintiff for promotion, or, to grant Plaintiff's request for a transfer to another

21   division, or, to grant Plaintiff a reasonable accommodation for his medical condition.

22        15.    Plaintiff is informed and believes and thereon alleges that, at the time of receiving

23   his 2010 performance evaluation, in or about the first quarter of 2011, Erickson asked Plaintiff if

24   he [Plaintiff]  had complained to HR about Erickson.  When Plaintiff advised Erickson that he

25   had in fact complained to HR, Erickson advised Plaintiff that the "entire refinery leadership team

26   was very upset" with Plaintiff.  Erickson then advised Plaintiff that Defendant Robertson "did

27   not want you [Plaintiff] on the team and longer" because he [Robertson] "does not want any

28   complainers."

5

**COMPLAINT FOR DAMAGES**

16.      Plaintiff is informed and believes and thereon alleges that, as a result of the conduct of Defendants Erickson and Robinson, and/or, Defendant Hammond's failure to take action on Plaintiff's complaints, Plaintiff's medical condition was exacerbated and, Plaintiff experienced considerable stress and emotional distress, resulting in Plaintiff's need to take an extended medical leave. Plaintiff is informed and believes and thereon alleges that, Defendant Erickson has been aware of Plaintiff's medical condition, and the two of them have discussed said condition on many occasions since 2007, and, Erickson knew that as a result of Plaintiff's condition it was difficult for Plaintiff to arrive at work at the exact specific time of 7:30 a.m. Plaintiff is further informed and believes that, although many other employees start their work day anywhere between 5:30 a.m. and 8:00 a.m., Plaintiff was singled out for disparate treatment, discrimination, harassment and retaliation as a result of his medical condition and for exercising his right to seek redress through HR. Plaintiff is further informed and believes and thereon alleges that harassment has come in the form of discriminatory, disparate and unfair and unequal treatment due to Plaintiff's medical condition, wherein Plaintiff has received a below standard and inaccurate performance evaluation(s), loss of bonus pay, and denial of promotion or transfer opportunities, and demotion, all related directly to, and as a result of his medical condition and complaints to HR. Plaintiff is informed and believes and thereon alleges that, in addition to the continual questioning of Plaintiff regarding minor variances in his reporting/start times for work, Erickson threatened Plaintiff by stating to Plaintiff that if he [Plaintiff] did not "straighten this out" it would affect Plaintiff's performance evaluation, thus subjected Plaintiff to further discrimination, harassment and emotional distress.

17.      Plaintiff is further informed and believes and thereon alleges that he was further subjected to a hostile work environment as a result of Defendant Erickson's continual berating of Plaintiff in the presence of other BP employees, in that Erickson would make embarrassing and unflattering comments against Plaintiff, while in meetings with other BP employees. Plaintiff is further informed and believes and thereon alleges that, when Plaintiff complained of these actions to BP's Human Resources division, and more specifically, Defendant Hammond, Plaintiff was retaliated against by receiving the first below standard employee evaluation during

**COMPLAINT FOR DAMAGES**

1  his entire time of employment with BP West Coast and/or BP North America, was denied a

2  transfer, was demoted, and was denied a reasonable accommodation for his medical condition.

3  <u>FIRST CAUSE OF ACTION</u>

4  **[Disparate Treatment Based on Medical Condition - Against Defendants**

5  **BP West Coast and BP North America]**

6      18.      Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 17

7  above, as though set forth in full herein.

8      19.      Plaintiff is informed and believes and thereon alleges that Defendants BP West

9  Coast and BP North America discriminated against Plaintiff by refusing to grant Plaintiff a

10  transfer from being under the supervision of Defendant Erickson, from preventing Plaintiff from

11  promotional opportunities, and by giving Plaintiff an below standard performance evaluation

12  based solely on Plaintiff's medical condition. Plaintiff is further informed and believes and

13  thereon alleges that Plaintiff's medical condition was a motivating factor in Defendant BP West

14  Coast and BP North America refusal to promote or transfer Plaintiff, and was the sole basis for

15  Plaintiff receiving a below standard performance evaluation.

16      20.      Plaintiff is informed and believes and thereon alleges that he was harmed by

17  Defendants conduct and that the above described conduct by Defendants was a substantial factor

18  in causing said harm.

19      21.      As a direct and proximate result of Defendants conduct, Plaintiff has suffered

20  emotional distress, has lost income and advancement opportunities and has generally been

21  damaged in an amount to be proven at the time of trial in this matter.

22  <u>SECOND CAUSE OF ACTION</u>

23  **[Discrimination and Failure to Prevent Discrimination Based on Disability -**

24  **Against Defendant BP and Does 1 - 50]**

25      22.      Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 21

26  above, as though set forth in full herein.

27      23.      Plaintiff is informed and believes and thereon alleges that, at all times relevant

28  herein, the California Fair Employment and Housing Act ("FEHA"), Government Code § 12900,

---

7

**COMPLAINT FOR DAMAGES**

et seq, was in full force and effect, and binding upon Defendants. Said provision required Defendants, among other things, to refrain from discriminatory employment practices on the basis of disability or medical condition.

24.    Plaintiff is informed and believes and thereon alleges that he had/has a disability within the meaning of FEHA, Government Code § 12926(l) and suffered from said medical condition within the meaning of FEHA, Government Code § 12926(i), and that Defendants failed to prevent such conduct pursuant to Government Code § 12940(k).

25.    Plaintiff is informed and believes and thereon alleges that he is a qualified individual with a medical condition within the meaning of FEHA, in that he can and could at all time, with reasonable accommodations, perform the essential functions of his position with BP.

26.    Plaintiff is informed and believes and thereon alleges that, in or about 2007, Defendant Erickson started questioning and harassing Plaintiff regarding the impact Plaintiff's medical condition was having on his [Plaintiff's] reporting and/or start times for work. Plaintiff is informed and believes and thereon alleges that in or about March 2011, Erickson gave Plaintiff a negative performance evaluation based solely on the impact Plaintiff's medical condition had on his daily reporting and start times. Plaintiff is further informed and believes and thereon alleges that, such conduct was not only harassing, but constituted discrimination against Plaintiff based on his medical condition, and further discriminated against Plaintiff by treating Plaintiff different than other employees who did not adhere to a strict reporting and start time of 7:30 a.m., and who did not have a disability.

27.    Plaintiff is informed and believes and thereon alleges that, in perpetrating the indicated discrimination against Plaintiff, Defendants failed to take all reasonable steps to prevent such discrimination from occurring. Plaintiff is further informed and believes and thereon alleges that, Defendants failed to provide Plaintiff with a reasonable accommodation, failed to investigate Plaintiff's complaint of the discriminatory conduct, failed to engage in any interactive process to remedy the discriminatory conduct.

28.    Plaintiff is informed and believes and thereon alleges that Defendant BP failed to provide any and/or adequate training, education, and/or information, to the other individual

8
**COMPLAINT FOR DAMAGES**

1  Defendants, or, to enforce any policy or procedure to prevent the unlawful discrimination against

2  Plaintiff based on his medical condition.

3     29.        As a direct and proximate result of Defendants, and each of their, unlawful actions

4  as alleged herein, Plaintiff has incurred medical expenses for care and treatment, has suffered the

5  loss of income, has been demoted, and has experienced stress and severe emotional distress, thus

6  entitling Plaintiff to damages in an amount to be proven at the time of trial in this matter.

7                              **THIRD CAUSE OF ACTION**

8  **[Harassment/Hostile Work Environment - Against All Defendants and Does 1 - 50]**

9     30.        Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 29

10  above, as though set forth in full herein.

11     31.        Plaintiff is informed and believes and thereon alleges that pursuant to Government

12  Code §12940(j),  it is unlawful to harass employees based on their medical conditions, and that

13  employers must take all reasonable steps to prevent harassment from occurring.  Plaintiff is

14  further informed and believes and thereon alleges that FEHA holds employers strictly liable for

15  harassment by the Plaintiff's direct supervisor or any other manager.  Plaintiff is further informed

16  and believes and thereon alleges that, Plaintiff's supervisors and/or co-workers may be held

17  personally liable for the harassment of Plaintiff, regardless of whether the employer was aware of

18  said harassment.

19     32.        Plaintiff is informed and believes and thereon alleges that, based on the

20  allegations as set forth above, and throughout this complaint, Defendants knew of the harassing

21  and discriminatory conduct directed at Plaintiff and  are responsible for, and liable for, the

22  harassment and hostile work environment created by the harassment and discrimination of

23  Plaintiff, based on his medical condition.  Plaintiff is further informed and believes and thereon

24  alleges that, the conduct of Defendants was a substantial factor in causing Plaintiff's harm.

25     33.        As a direct and proximate result of Defendants unlawful harassment of Plaintiff,

26  and the creation of a hostile work environment, as alleged herein, Plaintiff has incurred medical

27  expenses for care and treatment, has suffered the loss of income, has been demoted,  and has

28  experienced stress and severe emotional distress, thus entitling Plaintiff to damages in an amount

9

**COMPLAINT FOR DAMAGES**

1   to be proven at the time of trial in this matter. Plaintiff is further informed and believes and

2   thereon alleges that the conduct of Defendants was severe and pervasive, and in fact has

3   continued upon Plaintiff's return from medical leave.

4        34.        Plaintiff is informed and believes and thereon alleges that, the conduct of

5   Defendants, and each of them, as alleged herein, was malicious and/or oppressive, and done with

6   a willful and conscious disregard for Plaintiff's rights. Plaintiff is further informed and believes

7   and thereon alleges that, the unlawful conduct of Defendants, and each of them, was authorized,

8   condoned and/or ratified, by each of the other Defendants, thus entitling Plaintiff to punitive

9   damages against each Defendants BP West Coast and BP North America, joint and severally.

10                          <u>FOURTH CAUSE OF ACTION</u>

11        [Failure to Provide Reasonable Accommodate for Medical Condition -

12        Against Defendant BP West Coast and BP North America and Does 1 - 50]

13        35.        Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 34

14   above, as though set forth in full herein.

15        36.        Plaintiff is informed and believes and thereon alleges that, pursuant to

16   Government Code § 12940(m), it is an unlawful employment practice for an employer to fail to

17   make a reasonable accommodation for the known medical condition/disability of an employee.

18        37.        Plaintiff is informed and believes and thereon alleges that Defendants conduct as

19   alleged herein, constituted an unlawful failure to provide a reasonable accommodation in

20   violation of Government Code § 12940(m). Plaintiff is further informed and believes and

21   thereon alleges that, Defendants continue to discriminate and fail to provide Plaintiff with a

22   reasonable accommodation and, have unilaterally determined that Plaintiff does not need a

23   reasonable accommodation, although Plaintiff's heath care provider has indication that Plaintiff

24   and Defendants should agree on a reasonable accommodation. Plaintiff is further informed and

25   believes and thereon alleges that, not only have Defendants failed to provide a reasonable

26   accommodation, they have in fact created a less accommodating environment designed solely to

27   put Plaintiff in a position of failure should his medical condition becomes active.

28        38.        As a direct and proximate result of Defendants unlawful actions as alleged herein,

COMPLAINT FOR DAMAGES

1    Plaintiff has incurred medical expenses for care and treatment, has suffered the loss of income,

2    has been demoted, and has experienced stress and severe emotional distress, thus entitling

3    Plaintiff to damages in an amount to be proven at the time of trial in this matter.

4        39.    Plaintiff is informed and believes and thereon alleges that, the conduct of

5    Defendants as alleged herein, was malicious and/or oppressive, and done with a willful and

6    conscious disregard for Plaintiff's rights.  Plaintiff is further informed and believes and thereon

7    alleges that, the unlawful conduct of Defendants was authorized, condoned and/or ratified, by

8    each of the other Defendants, thus entitling Plaintiff to punitive damages against Defendants BP

9    West Coast and BP North America, joint and severally.

10                        **FIFTH CAUSE OF ACTION**

11    **[Failure to Engage in Interactive Process  - Against Defendant BP and Does 1 - 50]**

12        40.    Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 39

13    above, as though set forth in full herein.

14        41.    Plaintiff is informed and believes and thereon alleges that, pursuant to

15    Government Code § 12940(n), it is an unlawful employment practice for an employer to fail to

16    engage in a timely, good faith, interactive process with an employee, regarding discrimination

17    based on medical condition, and to determine an effective and reasonable accommodation in

18    response to an employees request for an accommodation due to medical condition.  Plaintiff is

19    further informed and believes and thereon alleges that, it is unlawful for an employer to fail to

20    engage in an interactive process, to fail to investigate the allegations of an employee regarding

21    discrimination, harassment and hostile work environment, to fail to take steps to alleviate the

22    discrimination, harassing and hostile work environment, and/or to advise the aggrieved employee

23    of the action taken.

24        42.    Plaintiff is informed and believes and thereon alleges that not only did Defendants

25    fail to engage in an interactive process - for over a year - to prevent discrimination based on

26    Plaintiff's medical condition, or,  to investigate or provide a reasonable accommodation for

27    Plaintiff's medical condition, while asserting they were engaging in the interactive process upon

28    Plaintiff indicating he readiness to return to work, Defendants in fact attempted to block

11

**COMPLAINT FOR DAMAGES**

1  Plaintiff's return to work with any accommodation; returned Plaintiff to work without any

2  accommodation; and, placed Plaintiff in a position wherein his known medical condition is more

3  likely to flare up.  Plaintiff is further informed and believes and thereon alleges that, BP has

4  failed to engage in an interactive process to prevent the discrimination, harassment of Plaintiff,

5  resulting in a hostile work environment.

6     43.      Furthermore, Plaintiff is informed and believes and thereon alleges that,

7  Defendant BP continues to fail, in bad faith, to engage in an interactive process.  Plaintiff is

8  informed and believe that his health care provided has issued a back to work release for Plaintiff

9  to return to work without limitation, except as to a reasonable accommodation for Plaintiff's

10  medical condition, to be worked out between Plaintiff and Defendants.   Although Plaintiff has

11  been cleared to return to work, and Plaintiff desires to return to work,  Defendants refused to

12  allow Plaintiff to return to work for over 2 months, and attempted to put the burden on Plaintiff's

13  health care provider to determine what a reasonable accommodation would be for Plaintiff.

14  Plaintiff is further informed and believes that it is Defendant BP's obligation to work with

15  Plaintiff to establish a reasonable accommodation, and, that upon realizing Defendants could not

16  sluff said responsibility onto Plaintiff's health care provider, as Plaintiff's health care provider is

17  not in a position to determine what Defendants might consider a reasonable accommodation,

18  Plaintiff was allowed to return to work, however, without any accommodation.  Plaintiff is

19  further informed and believes and thereon alleges that, rather than work with Plaintiff to arrive at

20  a reasonable accommodation, Defendants determined, in the face of Plaintiff's health care

21  providers recommendation, that Plaintiff did not need an accommodation, and went further by

22  demoting Plaintiff and placing Plaintiff in a more onerous position in light of his medical

23  condition, thus requiring Plaintiff to report to work significantly earlier that he was previously

24  required.   Plaintiff is informed and believes that Defendant BP's conduct may be an attempt to

25  constructively terminate Plaintiff, in violation of Plaintiff's rights under FEHA.

26     44.      As a direct and proximate result of Defendant BP's failure to engage in an

27  interactive process, as described above, said conduct was a substantial factor in causing

28  Plaintiff's harm. Plaintiff has incurred medical expenses for care and treatment, has suffered the

---

12

**COMPLAINT FOR DAMAGES**

1  loss of income, has been demoted, and has experienced stress and severe emotional distress, thus

2  entitling Plaintiff to damages in an amount to be proven at the time of trial in this matter.

3      45.      Plaintiff is informed and believes and thereon alleges that, the conduct of

4  Defendant BP, as alleged herein, was malicious and/or oppressive, and done with a willful and

5  conscious disregard for Plaintiff's rights. Plaintiff is further informed and believes and thereon

6  alleges that, the unlawful conduct of Defendants Erickson, Robinson, and Hammond was

7  authorized, condoned and/or ratified, by Defendant BP West Coast and BP North America, thus

8  entitling Plaintiff to punitive damages against each Defendant BP West Coast and BP North

9  America.

10  

**SIXTH CAUSE OF ACTION**

11  **[Retaliation in Violation of Public Policy - Against Defendants BP West Coast,**

12  **Defendant BP North America, and Does 1 - 50]**

13      46.      Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 45

14  above, as though set forth in full herein.

15      47.      Plaintiff is informed and believes and thereon alleges that, Defendants, and each

16  of them, are liable under Government Code § 12940(h) for retaliating against Plaintiff for

17  engaging in his protected right to report discrimination and harassment based on Plaintiff's

18  medical condition. Plaintiff is further informed and believes and thereon alleges that, as a result

19  of engaging in this protected activity, Defendants took steps to retaliate against Plaintiff by

20  failing to provide Plaintiff with a reasonable accommodation for his medical condition, giving

21  Plaintiff a below standard employment evaluation based directly and solely on his medical

22  condition, by withholding compensation in the form of bonuses, by failing to consider Plaintiff

23  for promotion or advancement, by demoting Plaintiff upon his return from medical leave, by

24  changing Plaintiff's working conditions and placing more stringent reporting requirements on

25  Plaintiff, such that Plaintiff's medical condition is more likely to be exacerbated.

26      48.      Plaintiff is informed and believes and thereon alleges that his medical condition

27  was a motivating factor for Defendants treatment of Plaintiff as outlined above. Plaintiff is

28  further informed and believes and thereon alleges that he has been harmed as a result of said

13

**COMPLAINT FOR DAMAGES**

retaliation, and that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

49.     As a direct and proximate result of Defendants retaliation against Plaintiff as described above,  Plaintiff has incurred medical expenses for care and treatment, has suffered the loss of income, has been demoted and has experienced stress and severe emotional distress, thus entitling Plaintiff to damages in an amount to be proven at the time of trial in this matter.

50.     Plaintiff is informed and believes and thereon alleges that, the conduct of Defendants as alleged herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights.  Plaintiff is further informed and believes and thereon alleges that, the unlawful conduct of Defendants Erickson, Robinson and Hammond was authorized, condoned and/or ratified, by Defendants BP West Coast and BP North America, thus entitling Plaintiff to punitive damages against BP West Coast and BP North America,  joint and severally.

### SEVENTH CAUSE OF ACTION

**[Failure to Take Steps to Prevent Harassment/Discrimination in the Workplace - Against Defendants BP, Robinson, Hammond, Lanza and Does 1 - 50]**

51.     Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 51 above, as though set forth in full herein.

52.     Plaintiff is informed and believes and thereon alleges that, pursuant to Government Code § 12940(k), BP is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

53.     Plaintiff is informed and believes and thereon alleges that, BP was at all times relevant herein, an employer within the meaning of FEHA, Government Code §12926(d), and as such had a duty to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

54.     Plaintiff is informed and believes and thereon alleges that, based on the conduct of Defendants as set forth above and throughout this complaint, BP violated Government Code § 12940(k), as BP failed to take all, if any, reasonable steps necessary to prevent the discriminatory and harassing conduct directed at Plaintiff.

---

14

**COMPLAINT FOR DAMAGES**

55.      As a direct and proximate result of Defendant BP failure to take action, as described above, Plaintiff has incurred medical expenses for care and treatment, has suffered the loss of income, has been demoted and has experienced stress and severe emotional distress, thus entitling Plaintiff to damages in an amount to be proven at the time of trial in this matter.

56.      Plaintiff is informed and believes and thereon alleges that, the conduct of Defendant BP as alleged herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights.  Plaintiff is further informed and believes and thereon alleges that, the unlawful conduct of Defendants Erickson, Robinson and Hammond was authorized, condoned and/or ratified, by Defendant BP West Coast and BP North America, thus entitling Plaintiff to punitive damages against Defendant BP West Coast and BP North America.

## EIGHTH CAUSE OF ACTION

### [Failure to Pay Overtime Wages  - Against Defendant BP and Does 1 - 50]

57.      Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 56 above, as though set forth in full herein.

58.      Plaintiff is informed and believes and thereon alleges that his employment as a business analyst, and his duties associated with same, did not primarily include employment in an administrative, executive or professional capacity.  Plaintiff does not supervise employees, is not involved in the hiring or firing of employees, and does not evaluate employees.

59.      Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Defendant BP required, permitted and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day and/or forty (40) hours per week.

60.      Plaintiff is informed and believes and thereon alleges that, pursuant to Labor Code §§510 and 1194, and the California Industrial Wage Orders, as adopted by the California Department of Industrial Relations, Plaintiff was entitled to be paid one and one-half times his regular hourly rate for any hours worked in excess of eight (8) hours per work day and/or in excess of forty (40) hours per work week, and two times his regular hourly rate for hours worked in excess of twelve (12) hours per work day, or in excess of eight (8) hours after the sixth consecutive day of the work week.

**COMPLAINT FOR DAMAGES**

61.     Plaintiff is informed and believes and thereon alleges that, pursuant to Labor Code §§510 and 1194, and the California Industrial Wage Orders, Plaintiff is entitled to recover his unpaid overtime wages in an amount according to proof at trial, plus interest at the legal rate, penalties, attorneys' fees and costs.

## NINTH CAUSE OF ACTION

### [Failure to Provide Accurate Wage Statements - Against Defendant BP and Does 1 - 50]

62.     Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 51 above, as though set forth in full herein.

63.     Plaintiff is informed and believes and thereon alleges that, pursuant to Labor Code §226(a), Defendant BP is/was required to provide Plaintiff with a detailed pay stub for each pay period for which Plaintiff was paid by BP, including an itemization of Plaintiff's hourly rate, total hours worked, overtime hours, and overtime pay.  Plaintiff is further informed that the California Industrial Wage Order also require Defendant BP to create, maintain, and provide to employees, precise, detailed, time and compensation records.

64.     Plaintiff is informed and believes and thereon alleges that Defendant BP has failed to comply with the Labor Code and/or Industrial Wage Orders, in that, Plaintiff has never been provided a pay stub reflecting his hourly wage, his overtime hours, or his overtime compensation.

65.     Pursuant to Labor Code § 226, Plaintiff is entitled to a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of section 226, according to proof, up to a maximum of $4,000.00.

## TENTH CAUSE OF ACTION

### [Defamation - Against All Defendants and Does 1 - 50]

66.     Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 65 above, as though set forth in full herein.

67.     Plaintiff is informed and believes and thereon alleges that Erickson published false, misleading and derogatory statements about Plaintiff and Plaintiff's work performance as set forth herein.  As a result of said action, Plaintiff has been harmed in his occupation, and as

**COMPLAINT FOR DAMAGES**

1  such are libelous per se.

2      68.    Plaintiff is informed and believes and thereon alleges that Defendants Erickson

3  and Robinson have made false, derogatory and embarrassing statement about Plaintiff, as set

4  forth herein, to other employees of BP, which have harmed Plaintiff's reputation and were

5  defamatory and harmful in his occupation, and thus are slanderous per se.

6      69.    Plaintiff is informed and believes and thereon alleges that the indicated libelous

7  and slanderous statements and comments about Plaintiff were published by Defendants Erickson

8  and Robinson, to the other Defendants, who in turn re-published same.

9      70.    Plaintiff is informed and believes and thereon alleges that the libelous and

10  slanderous statement made about Plaintiff, and published by Defendants Erickson and Robinson,

11  and re-published by the other Defendants, were false and malicious, and were made with the

12  intent to harm Plaintiff.

13      71.    . As a direct and proximate result of the libelous and slanderous statements and

14  comments made about Plaintiff, by the Defendants, and each of them, Plaintiff has been harmed

15  in his reputation and occupation, in an amount to be proven at the time of trial in this matter.

16      72.    Plaintiff is informed and believes and thereon alleges that, the conduct of

17  Defendants, and each of them, as alleged herein, was malicious and/or oppressive, and done with

18  a willful and conscious disregard for Plaintiff's rights.  Plaintiff is further informed and believes

19  and thereon alleges that, the unlawful conduct of Defendants Erickson, Robinson, and Hammond

20  was authorized, condoned and/or ratified, by Defendant BP West Coast and BP North America,

21  thus entitling Plaintiff to punitive damages against each Defendant, joint and severally.

22  **ELEVENTH CAUSE OF ACTION**

23  **[Intentional Infliction of Emotional Distress - Against All Defendants and Does 1 - 50]**

24      73.    Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 72

25  above, as though set forth in full herein.

26      74.    Plaintiff is informed and believes and thereon alleges that, when the Defendants,

27  and each of them, undertook and committed the acts and conduct as set forth above and

28  throughout this complaint, they did so deliberately and intentionally, with the intend to cause

---

17

**COMPLAINT FOR DAMAGES**

1  Plaintiff to suffer humiliation, mental anguish, and emotional distress. The outrageous nature

2  and impact of this conduct is amplified due to management's abuse of their positions with actual

3  and apparent authority over Plaintiff, such as is commonly found in employment relationships.

4  The Defendants, and each of them, were aware of their unlawful acts and conduct, and undertook

5  same with the knowledge that Plaintiff would suffer severe emotional distress.

6      75.      Plaintiff is informed and believes and thereon alleges that, Defendant BP is

7  continuing to engage in intentional conduct designed to cause Plaintiff emotional distress.

8  Furthermore, Plaintiff is informed and believes and thereon alleges that, Defendant BP continues

9  to fail, in bad faith, to engage in an interactive process. Plaintiff is informed and believe that his

10  health care provided has issued a back to work release for Plaintiff to return to work without

11  limitation, except as to a reasonable accommodation for Plaintiff's medical condition, to be

12  worked out between Plaintiff and Defendant BP.   Although Plaintiff has been cleared to return to

13  work, and Plaintiff desires to return to work,  Defendant BP has steadfastly refused to allow

14  Plaintiff to return to work for over 2 months, and attempted to put the burden on Plaintiff's

15  health care provider to determine what a reasonable accommodation would be fore Plaintiff.

16  Plaintiff is further informed and believes that it is Defendant BP's obligation to work with

17  Plaintiff to establish a reasonable accommodation, and, that Defendant BP cannot sluff said

18  responsibility onto Plaintiff's health care provider, as Plaintiff's health care provider is not in a

19  position to determine what Defendant BP might consider a reasonable accommodation. Plaintiff

20  is informed and believes and thereon alleges that upon returning to work he was demoted and

21  placed in a position with a reporting time was is designed to make it difficult for Plaintiff to

22  conform with the terms of his return to work. Plaintiff is informed and believes that Defendant

23  BP's conduct may be an attempt to constructively terminate Plaintiff, in violation of Plaintiff's

24  rights under FEHA.

25      76.      The above -stated acts of the Defendants, and each of them, constitute intentional

26  infliction of emotional distress against Plaintiff and such conduct was, and is, a substantial factor

27  in causing damage and injury to Plaintiff.

28      77.      As a result of Defendants, and each of their, intentional infliction of emotional

---

18

**COMPLAINT FOR DAMAGES**

1    distress, Plaintiff has suffered and continues to suffer substantial loss and damages, including

2    loss of salary, benefits, future advancement, bonuses, humiliation and mental anguish, in an

3    amount to be determined at trial.

4        78.     Plaintiff is informed and believes and thereon alleges that, the conduct of

5    Defendants, and each of them, as alleged herein, was malicious and/or oppressive, and done with

6    a willful and conscious disregard for Plaintiff's rights. Plaintiff is further informed and believes

7    and thereon alleges that, the unlawful conduct of Defendants Erickson, Robinson, Hammond and

8    Lanza, was authorized, condoned and/or ratified, by Defendant BP, thus entitling Plaintiff to

9    punitive damages against each Defendant, joint and severally.

10                        **TWELFTH CAUSE OF ACTION**

11       **[Negligent Infliction of Emotional Distress - Against All Defendants and Does 1 - 50]**

12        79.     Plaintiff hereby restates and incorporates by reference Paragraphs 1 through 78

13    above, as though set forth in full herein.

14        80.     Plaintiff is informed and believes and thereon alleges that, when the Defendants,

15    and each of them, undertook and committed the acts and conduct as set forth above and

16    throughout this complaint, they knew or should have known such conduct would cause Plaintiff

17    to suffer humiliation, mental anguish, and emotional distress. The outrageous nature and impact

18    of this conduct is amplified due to management's abuse of their positions with actual and

19    apparent authority over Plaintiff, such as is commonly found in employment relationships. The

20    Defendants, and each of them, knew or should have been aware of their unlawful acts and

21    conduct, and undertook same with the knowledge that Plaintiff would suffer severe emotional

22    distress.

23        81.     Plaintiff is informed and believes and thereon alleges that, Defendant BP is

24    continuing to engage in intentional conduct designed to cause Plaintiff emotional distress.

25    Furthermore, Plaintiff is informed and believes and thereon alleges that, Defendant BP continues

26    to fail, in bad faith, to engage in an interactive process. Plaintiff is informed and believe that his

27    health care provided has issued a back to work release for Plaintiff to return to work without

28    limitation, except as to a reasonable accommodation for Plaintiff's medical condition, to be

19

<strong>COMPLAINT FOR DAMAGES</strong>

1  worked out between Plaintiff and Defendant BP.  Although Plaintiff has been cleared to return to

2  work, and Plaintiff desires to return to work,  Defendant BP has steadfastly refused to allow

3  Plaintiff to return to work, and has put the burden on Plaintiff's health care provider to determine

4  what a reasonable accommodation would be fore Plaintiff.  Plaintiff is further informed and

5  believes that it is Defendant BP's obligation to work with Plaintiff to establish a reasonable

6  accommodation, and, that Defendant BP cannot sluff said responsibility onto Plaintiff's health

7  care provider, as Plaintiff's health care provider is not in a position to determine what Defendant

8  BP might consider a reasonable accommodation.  Plaintiff is informed and believes that

9  Defendant BP's conduct may be an attempt to constructively terminate Plaintiff, in violation of

10  Plaintiff's rights under FEHA.

11      82.     The above -stated acts of the Defendants, and each of them, constitute intentional

12  infliction of emotional distress against Plaintiff and such conduct was, and is, a substantial factor

13  in causing damage and injury to Plaintiff.

14      83.     As a result of Defendants, and each of their, negligent infliction of emotional

15  distress, Plaintiff has suffered and continues to suffer substantial loss and damages, including

16  loss of salary, benefits, future advancement, bonuses, humiliation and mental anguish, in an

17  amount to be determined at trial.

18      84.     Plaintiff is informed and believes and thereon alleges that, the conduct of

19  Defendants, and each of them, as alleged herein, was malicious and/or oppressive, and done with

20  a willful and conscious disregard for Plaintiff's rights.  Plaintiff is further informed and believes

21  and thereon alleges that, the unlawful conduct of Defendants Erickson, Robinson, Hammond and

22  Lanza, was authorized, condoned and/or ratified, by Defendant BP, thus entitling Plaintiff to

23  punitive damages against each Defendant, joint and severally.  .

24      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

25  follows:

26  A.   On The First Cause of Action:

27      1.     For compensatory damages, including past and future lost wages, and emotional

28          distress damages;

**COMPLAINT FOR DAMAGES**

2.        For past and future lost wages;

3.        For an award of interest, including prejudgment interest at the legal rate;

4.        For punitive damages;

5.        For attorneys' fees and costs; and,

6.        For such other relief as this court deems just and proper.

**B.    On The Second Cause of Action:**

1.        For compensatory damages, including past and future lost wages, and emotional distress damages;

2.        For past and future lost wages;

3.        For an award of interest, including prejudgment interest at the legal rate;

4.        For punitive damages;

5.        For attorneys' fees and costs; and,

6.        For such other relief this court deems just and proper.

**C.    On The Third Cause of Action:**

1.        For compensatory damages, including past and future lost wages, and emotional distress damages;

2.        For past and future lost wages;

3.        For an award of interest, including prejudgment interest at the legal rate;

4.        For punitive damages;

5.        For attorneys' fees and costs; and,

6.        For such other relief as this court deems just and proper.

**D.    On The Fourth Cause of Action:**

1.        For compensatory damages, including past and future lost wages, and emotional distress damages;

2.        For past and future lost wages;

3.        For an award of interest, including prejudgment interest at the legal rate;

4.        For punitive damages;

5.        For attorneys' fees and costs; and,

21

**COMPLAINT FOR DAMAGES**

1      6.        For such other relief this court deems just and proper.

2  **E.**  **On The Fifth Cause of Action:**

3      1.        For compensatory damages, including past and future lost wages, and emotional

4             distress damages;

5      2.        For past and future lost wages;

6      3.        For an award of interest, including prejudgment interest at the legal rate;

7      4.        For punitive damages;

8      5.        For attorneys' fees and costs; and,

9      6.        For such other relief as this court deems just and proper.

10  **F.**  **On The Sixth Cause of Action:**

11      1.        For compensatory damages, including past and future lost wages, and emotional

12             distress damages;

13      2.        For past and future lost wages;

14      3.        For an award of interest, including prejudgment interest at the legal rate;

15      4.        For punitive damages;

16      5.        For attorneys' fees and costs; and,

17      6.        For such other relief this court deems just and proper.

18  **G.**  **On The Seventh Cause of Action:**

19      1.        For compensatory damages, including past and future lost wages, and emotional

20             distress damages;

21      2.        For past and future lost wages;

22      3.        For an award of interest, including prejudgment interest at the legal rate;

23      4.        For punitive damages;

24      5.        For attorneys' fees and costs; and,

25      6.        For such other relief as this court deems just and proper.

26  **H.**  **On The Eighth Cause of Action:**

27      1.        For compensatory damages, including past and future lost wages, and emotional

28             distress damages;

---

**COMPLAINT FOR DAMAGES**

1  |  2.  For past and future lost wages;

2  |  3.  For an award of interest, including prejudgment interest at the legal rate;

3  |  4.  For punitive damages;

4  |  5.  For attorneys' fees and costs; and,

5  |  6.  For such other relief this court deems just and proper.

6  |  **I.  On The Ninth Cause of Action:**

7  |  1.  For compensatory damages, including past and future lost wages, and emotional

8  |  distress damages;

9  |  2.  For past and future lost wages;

10  |  3.  For an award of interest, including prejudgment interest at the legal rate;

11  |  4.  For punitive damages;

12  |  5.  For attorneys' fees and costs; and,

13  |  6.  For such other relief as this court deems just and proper.

14  |  **J.  On The Tenth Cause of Action:**

15  |  1.  For compensatory damages, including past and future lost wages, and emotional

16  |  distress damages;

17  |  2.  For past and future lost wages;

18  |  3.  For an award of interest, including prejudgment interest at the legal rate;

19  |  4.  For punitive damages;

20  |  5.  For attorneys' fees and costs; and,

21  |  6.  For such other relief this court deems just and proper.

22  |  **K.  On The Eleventh Cause of Action:**

23  |  1.  For compensatory damages, including past and future lost wages, and emotional

24  |  distress damages;

25  |  2.  For past and future lost wages;

26  |  3.  For an award of interest, including prejudgment interest at the legal rate;

27  |  4.  For punitive damages;

28  |  5.  For attorneys' fees and costs; and,

**COMPLAINT FOR DAMAGES**

1      6.     For such other relief this court deems just and proper.

2  I.  <u>On The TWELFTH Cause of Action:</u>

3      1.     For compensatory damages, including past and future lost wages, and emotional

4            distress damages;

5      2.     For past and future lost wages;

6      3.     For an award of interest, including prejudgment interest at the legal rate;

7      4.     For punitive damages;

8      5.     For attorneys' fees and costs; and,

9      6.     For such other relief this court deems just and proper.

10  DATED: August 6, 2012                MERHAB ROBINSON & JACKSON
                                         A PROFESSIONAL CORPORATION

11

12                                  By:

13                                       James T. Jackson, Attorney for Plaintiff
                                         SCOTT TENNEY, an individual
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

Exhibit A

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112R7619-00 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| TENNEY, SCOTT | (949)275-6713 |

ADDRESS

630 AGATE STREET

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LAGUNA BEACH, CA 92651 | ORANGE | 059 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| BP WEST COAST PRODUCTS, LLC | (310)816-8100 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| 2350 EAST 223RD ST. | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| CARSON, CA 90810 | LOS ANGELES | 037 |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 999+ | 01/24/2012 | 00 |

THE PARTICULARS ARE:

I allege that on about or before __01/24/2012__ , the following conduct occurred:

|  |  |  |
|---|---|---|
| ___ termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | _X_ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | _X_ denial of transfer | ___ denial of equal pay |
| ___ harassment | _X_ denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | _X_ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | ___ retaliation | |
| ___ impermissible non-job-related inquiry | _X_ other (specify)  Retaliation; Harassment; Denial of Equal Pay; | |

by   **BP WEST COAST PRODUCTS, LLC**

because of :

| Name of Person | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|

|  |  |  |  |
|---|---|---|---|
| ___ sex | ___ national origin/ancestry | _X_ disability (physical or mental) | _X_ retaliation for engaging in protected |
| ___ age | ___ marital status | _X_ medical condition (cancer or | activity or requesting a protected |
| ___ religion | ___ sexual orientation | genetic characteristic | leave or accommodation |
| ___ race/color | ___ association | _X_ other (specify)  Retaliation for Requesting Protected | |
| | | accommodation | |

State of what you believe to be the reason(s) for discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY EXACTLY 7:30 AM. OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00 AM. IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE DURING THE TIMES I EXPERIENCED PROBLEMS.  MR. ERICKSON CONTINUED TO QUESTION, BADGER AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME.  MR. ERICKSON TOLD ME THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE EVALUATIONS.  MR.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  01/24/2012

At   Santa Ana, CA

DATE FILED:  01/24/2012

DFEH-300-03c (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E201112R7619-00

DFEH USE ONLY

State of what you
believe to be the
reason(s) for
discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY EXACTLY 7:30 AM. OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00 AM. IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE DURING THE TIMES I EXPERIENCED PROBLEMS. MR. ERICKSON CONTINUED TO QUESTION, BADGER AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME. MR. ERICKSON TOLD ME THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE EVALUATIONS. MR. ERICKSON FREQUENTLY SPOKE OF ME IN UNFLATTERING, SLANDEROUS, AND OFF-COLORED TERMS, WHILE IN MEETINGS WITH OTHERS. HE WOULD SAY THINGS LIKE "TENNEY YOU'RE LIKE A DIME WAITING ON A DOLLAR." I DECIDED TO SEEK A TRANSFER, HOWEVER, WAS NEVER INTERVIEWED FOR ANY OF THE SEVERAL POSITIONS I APPLIED FOR. DURING THE RECRUITMENT PROCESS FOR THE POSITION OF PROCUREMENT CONTRACTS MANAGER, THE HIRING MANAGER ADVISED ME THAT MR. ERICKSON HAD RELAYED NEGATIVE INFORMATION ABOUT ME, AND HE WAS CONCERNED THAT MR. ERICKSON WAS DAMAGING MY REPUTATION. IN 2009 I WENT TO HR TO EXPRESS MY CONCERNS ABOUT MY WORKING CONDITIONS AND MR. ERICKSON'S HARASSMENT OF ME, AND HIS FAILURE TO GRANT MY REQUEST FOR A MINIMAL ACCOMMODATION. I RECEIVED NO RESPONSE. IN 2010 I CONTACTED SEVERAL PEOPLE INCLUDING THE "CONTINUOUS IMPROVEMENT PROGRAM LEADER" AND, THE BUSINESS UNIT LEADER, JORGE LANZA. AGAIN TO NO AVAIL. TOWARDS THE END OF 2010 I AGAIN WENT TO HR, AND THIS TIME MET WITH THE HR MANAGER, MARYCLAIRE HAMMOND. MS. HAMMOND TOLD ME SHE WAS AWARE OF MR. ERICKSON'S CONDUCT AND THAT I "WAS NOT THE ONLY PERSON WHO HAD COMPLAINED ABOUT HIS BEHAVIOR." AGAIN, NO RESPONSE OR FOLLOW UP ACTION. DURING THE FIRST QUARTER OF 2011, I RECEIVED MY LAST EVALUATION FROM MR. ERICKSON, DURING WHICH HE ASKED ME IF I HAD GONE TO HR. I ADVISED HIM I HAD, AND HE RESPONDED THAT THE "ENTIRE REFINERY LEADERSHIP TEAM WAS VERY UPSET WITH YOU." MR. ERICKSON FURTHER INDICATED THAT DAN ROBINSON DID NOT WANT ME ON THE TEAM ANY LONGER, BECAUSE HE "DOES NOT WANT ANY COMPLAINERS." NOT WITHSTANDING THE FACT THAT I HAD RECEIVED A MANAGER'S AWARD THE PREVIOUS TWO YEARS, FOR EXEMPLARY JOB PERFORMANCE, IN ADDITION TO THE 2010 HELIOS AWARD, THE HIGHEST AWARD GIVEN TO A BP EMPLOYEE, MR. ERICKSON GAVE ME AN OVERALL "BELOW EXPECTATIONS" RATING, WHICH RESULTING IN MY LOSING MY 2010 BONUS. MR. ERICKSON THEN PROVIDED ME WITH A LIST OF UNREASONABLE, IF NOT IMPOSSIBLE, EXPECTATIONS I NEEDED TO COMPLY WITH. SHORTLY AFTER THIS MEETING, ON THE ADVISE OF MY FAMILY PHYSICIAN AND PSYCHOLOGIST, I WENT OUT ON LEAVE DUE TO STRESS, IN APRIL OF 2011. SINCE APRIL OF 2011, I HAVE CONTINUED TO SEEK A TRANSFER TO OTHER DEPARTMENTS, AND/OR, AN ACCOMODATION FOR MY SLEEPING DISORDER, BUT, HAVE NOT RECEIVED ANY CONFIRMATION OF ANY ATTEMPT TO INVESTIGATE, RESOLVE, OR IN ANY MANNER DEAL WITH THE HARASSING ENVIRONMENT I AM SUBJECTED TO, AS TO ANY TRANSFER, I HAVE BEEN TOLD IT IS UP TO ME TO FIND A NEW POSITION, WHICH IS IMPOSSIBLE IN LIGHT OF THE CONSPIRACY TO DEFAME AND MAKE ME APPEAR AN UNDESIREABLE EMPLOYEE.



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

January 24, 2012

RE:    E201112R7619-00
       TENNEY/BP WEST COAST PRODUCTS, LLC

### NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-05 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

Phyllis W. Cheng, Director

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

January 24, 2012

TENNEY, SCOTT
630 AGATE STREET
LAGUNA BEACH, CA 92651

RE:  E201112R7619-00
     TENNEY/BP WEST COAST PRODUCTS, LLC

Dear TENNEY, SCOTT:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective January 24, 2012
because an immediate right-to-sue notice was requested. DFEH will take no further action
on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File


RICHARD LOPEZ
SENIOR ATTORNEY
BP AMERICA, INC.
6 CENTERPOINTE DR.
LA PALMA, CA 90623

DFEH-200-43 (08/06)

Exhibit B

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E201112R7619-01

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)     TELEPHONE NUMBER (INCLUDE AREA CODE)

**TENNEY, SCOTT**     (949)275-6713

ADDRESS

**630 AGATE STREET**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LAGUNA BEACH,CA,92651 | ORANGE | 059 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME     TELEPHONE NUMBER (Include Area Code)

**ERICKSON, DALE**     (310)816-8100

ADDRESS     DFEH USE ONLY

**2350 EAST 223RD ST.**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| CARSON, CA 90810 | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 999+ | 01/24/2012 | 01 |

THE PARTICULARS ARE:

I allege that on about or before
01/24/2012 , the following
conduct occurred:

___ termination
___ laid off
___ demotion
___ harassment
___ genetic characteristics testing
___ constructive discharge (forced to quit)
___ impermissible non-job-related inquiry

___ denial of employment
_X_ denial of promotion
_X_ denial of transfer
_X_ denial of accommodation
_X_ failure to prevent discrimination or retaliation
___ retaliation
_X_ other (specify)  Retaliation; Harassment; Denial of Equal Pay;

___ denial of family or medical leave
___ denial of pregnancy leave
___ denial of equal pay
___ denial of right to wear pants
___ denial of pregnancy accommodation

by     **ERICKSON, DALE**     **SUPERVISOR**

Name of Person     Job Title (supervisor/manager/personnel director/etc.)

because of :

___ sex
___ age
___ religion
___ race/color

___ national origin/ancestry
___ marital status
___ sexual orientation
___ association

_X_ disability (physical or mental)
_X_ medical condition (cancer or genetic characteristic
_X_ other (specify)   Retaliation for Requesting Protected accommodation

_X_ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you
believe to be the
reason(s) for
discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY EXACTLY 7:30 AM. OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00 AM. IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE DURING THE TIMES I EXPERIENCED PROBLEMS. MR. ERICKSON CONTINUED TO QUESTION, BADGER AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME. MR. ERICKSON TOLD ME THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE EVALUATIONS. MR.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH 'Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  01/24/2012

At  Santa Ana, CA

DATE FILED:  01/24/2012

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING     STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #      E201112R7619-01

DFEH USE ONLY

State of what you
believe to be the
reason(s) for
discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY EXACTLY 7:30 AM. OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00 AM. IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE DURING THE TIMES I EXPERIENCED PROBLEMS. MR. ERICKSON CONTINUED TO QUESTION, BADGER AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME. MR. ERICKSON TOLD ME THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE EVALUATIONS. MR. ERICKSON FREQUENTLY SPOKE OF ME IN UNFLATTERING, SLANDEROUS, AND OFF-COLORED TERMS, WHILE IN MEETINGS WITH OTHERS. HE WOULD SAY THINGS LIKE "TENNEY YOU'RE LIKE A DIME WAITING ON A DOLLAR." I DECIDED TO SEEK A TRANSFER, HOWEVER, WAS NEVER INTERVIEWED FOR ANY OF THE SEVERAL POSITIONS I APPLIED FOR. DURING THE RECRUITMENT PROCESS FOR THE POSITION OF PROCUREMENT CONTRACTS MANAGER, THE HIRING MANAGER ADVISED ME THAT MR. ERICKSON HAD RELAYED NEGATIVE INFORMATION ABOUT ME, AND HE WAS CONCERNED THAT MR. ERICKSON WAS DAMAGING MY REPUTATION. IN 2009 I WENT TO HR TO EXPRESS MY CONCERNS ABOUT MY WORKING CONDITIONS AND MR. ERICKSON'S HARASSMENT OF ME, AND HIS FAILURE TO GRANT MY REQUEST FOR A MINIMAL ACCOMMODATION. I RECEIVED NO RESPONSE. IN 2010 I CONTACTED SEVERAL PEOPLE INCLUDING THE "CONTINUOUS IMPROVEMENT PROGRAM LEADER" AND, THE BUSINESS UNIT LEADER, JORGE LANZA. AGAIN TO NO AVAIL. TOWARDS THE END OF 2010 I AGAIN WENT TO HR, AND THIS TIME MET WITH THE HR MANAGER, MARYCLAIRE HAMMOND. MS. HAMMOND TOLD ME SHE WAS AWARE OF MR. ERICKSON'S CONDUCT AND THAT I "WAS NOT THE ONLY PERSON WHO HAD COMPLAINED ABOUT HIS BEHAVIOR." AGAIN, NO RESPONSE OR FOLLOW UP ACTION. DURING THE FIRST QUARTER OF 2011, I RECEIVED MY LAST EVALUATION FROM MR. ERICKSON, DURING WHICH HE ASKED ME IF I HAD GONE TO HR. I ADVISED HIM I HAD, AND HE RESPONDED THAT THE "ENTIRE REFINERY LEADERSHIP TEAM WAS VERY UPSET WITH YOU." MR. ERICKSON FURTHER INDICATED THAT DAN ROBINSON DID NOT WANT ME ON THE TEAM ANY LONGER, BECAUSE HE "DOES NOT WANT ANY COMPLAINERS." NOT WITHSTANDING THE FACT THAT I HAD RECEIVED A MANAGER'S AWARD THE PREVIOUS TWO YEARS, FOR EXEMPLARY JOB PERFORMANCE, IN ADDITION TO THE 2010 HELIOS AWARD, THE HIGHEST AWARD GIVEN TO A BP EMPLOYEE, MR. ERICKSON GAVE ME AN OVERALL "BELOW EXPECTATIONS" RATING, WHICH RESULTING IN MY LOSING MY 2010 BONUS. MR. ERICKSON THEN PROVIDED ME WITH A LIST OF UNREASONABLE, IF NOT IMPOSSIBLE, EXPECTATIONS I NEEDED TO COMPLY WITH. SHORTLY AFTER THIS MEETING, ON THE ADVISE OF MY FAMILY PHYSICIAN AND PSYCHOLOGIST, I WENT OUT ON LEAVE DUE TO STRESS, IN APRIL OF 2011. SINCE APRIL OF 2011, I HAVE CONTINUED TO SEEK A TRANSFER TO OTHER DEPARTMENTS, AND/OR, AN ACCOMODATION FOR MY SLEEPING DISORDER, BUT, HAVE NOT RECEIVED ANY CONFIRMATION OF ANY ATTEMPT TO INVESTIGATE, RESOLVE, OR IN ANY MANNER DEAL WITH THE HARASSING ENVIRONMENT I AM SUBJECTED TO. AS TO ANY TRANSFER, I HAVE BEEN TOLD IT IS UP TO ME TO FIND A NEW POSITION, WHICH IS IMPOSSIBLE IN LIGHT OF THE CONSPIRACY TO DEFAME AND MAKE ME APPEAR AN UNDESIREABLE EMPLOYEE.

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA



STATE OF CALIFORNIA · STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

EDMUND G. BROWN, JR., Governor

Phyllis W. Cheng, Director

January 24, 2012

RE:  E201112R7619-01
     TENNEY/ERICKSON, DALE, AS AN INDIVIDUAL

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                  Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov


January 24, 2012

TENNEY, SCOTT
630 AGATE STREET
LAGUNA BEACH, CA, 92651

RE: E201112R7619-01
TENNEY/ERICKSON, DALE, AS AN INDIVIDUAL

Dear TENNEY, SCOTT:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective January 24, 2012
because an immediate right-to-sue notice was requested. DFEH will take no further action
on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

RICHARD LOPEZ
SENIOR ATTORNEY
BP AMERICA, INC.
6 CENTERPOINTE DR.
LA PALMA, CA 90623.

DFEH-200-43 (06/08)

Exhibit C

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112R7619-02 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| TENNEY, SCOTT | (949)275-6713 |

ADDRESS

630 AGATE STREET

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LAGUNA BEACH,CA,92651 | ORANGE | 059 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| ROBINSON, DAN | (310)816-8100 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| 2350 EAST 223RD ST. | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| CARSON, CA 90810 | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| 999+ | 01/24/2012 | 02 |

THE PARTICULARS ARE:

I allege that on about or before 01/24/2012 , the following conduct occurred:

____ termination
____ laid off
____ demotion
____ harassment
____ genetic characteristics testing
____ constructive discharge (forced to quit)
____ impermissible non-job-related inquiry

____ denial of employment
_X_ denial of promotion
_X_ denial of transfer
_X_ denial of accommodation
_X_ failure to prevent discrimination or retaliation
____ retaliation
_X_ other (specify)  Retaliation; Harassment; Denial of Equal Pay;

____ denial of family or medical leave
____ denial of pregnancy leave
____ denial of equal pay
____ denial of right to wear pants
____ denial of pregnancy accommodation

by    ROBINSON, DAN

Name of Person

MAINTENANCE MANAGER

Job Title (supervisor/manager/personnel director/etc.)

because of :

____ sex
____ age
____ religion
____ race/color

____ national origin/ancestry
____ marital status
____ sexual orientation
____ association

_X_ disability (physical or mental)
_X_ medical condition (cancer or genetic characteristic
_X_ other (specify)  Retaliation for Requesting Protected accommodation

_X_ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT MY JOB BY EXACTLY 7:30 A.M.  OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00 AM.  IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE DURING THE TIMES I EXPERIENCED PROBLEMS.  MR. ERICKSON CONTINUED TO QUESTION, BADGER AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME.  MR. ERICKSON TOLD ME THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE EVALUATIONS.  MR.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 01/24/2012

At  Santa Ana, CA

DATE FILED:  01/24/2012

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # _____ E201112R7619-02

DFEH USE ONLY

State of what you
believe to be the
reason(s) for
discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY
EXACTLY 7:30 AM.  OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00
AM.  IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL
TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE
DURING THE TIMES I EXPERIENCED PROBLEMS.  MR. ERICKSON CONTINUED TO QUESTION, BADGER
AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME.  MR. ERICKSON TOLD ME
THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE
EVALUATIONS.  MR. ERICKSON FREQUENTLY SPOKE OF ME IN UNFLATTERING, SLANDEROUS, AND OFF-
COLORED TERMS, WHILE IN MEETINGS WITH OTHERS.  HE WOULD SAY THINGS LIKE "TENNEY YOU'RE
LIKE A DIME WAITING ON A DOLLAR."  I DECIDED TO SEEK A TRANSFER, HOWEVER, WAS NEVER
INTERVIEWED FOR ANY OF THE SEVERAL POSITIONS I APPLIED FOR.  DURING THE RECRUITMENT
PROCESS FOR THE POSITION OF PROCUREMENT CONTRACTS MANAGER, THE HIRING MANAGER
ADVISED ME THAT MR. ERICKSON HAD RELAYED NEGATIVE INFORMATION ABOUT ME, AND HE WAS
CONCERNED THAT MR. ERICKSON WAS DAMAGING MY REPUTATION.  IN 2009 I WENT TO HR TO EXPRESS
MY CONCERNS ABOUT MY WORKING CONDITIONS AND MR. ERICKSON'S HARASSMENT OF ME, AND HIS
FAILURE TO GRANT MY REQUEST FOR A MINIMAL ACCOMMODATION.  I RECEIVED NO RESPONSE.  IN
2010 I CONTACTED SEVERAL PEOPLE INCLUDING THE "CONTINUOUS IMPROVEMENT PROGRAM LEADER"
AND, THE BUSINESS UNIT LEADER, JORGE LANZA.  AGAIN TO NO AVAIL.  TOWARDS THE END OF 2010 I
AGAIN WENT TO HR, AND THIS TIME MET WITH THE HR MANAGER, MARYCLAIRE HAMMOND.  MS.
HAMMOND TOLD ME SHE WAS AWARE OF MR. ERICKSON'S CONDUCT AND THAT I "WAS NOT THE ONLY
PERSON WHO HAD COMPLAINED ABOUT HIS BEHAVIOR."  AGAIN, NO RESPONSE OR FOLLOW UP ACTION.
DURING THE FIRST QUARTER OF 2011, I RECEIVED MY LAST EVALUATION FROM MR. ERICKSON, DURING
WHICH HE ASKED ME IF I HAD GONE TO HR.  I ADVISED HIM I HAD, AND HE RESPONDED THAT THE
"ENTIRE REFINERY LEADERSHIP TEAM WAS VERY UPSET WITH YOU."  MR. ERICKSON FURTHER
INDICATED THAT DAN ROBINSON DID NOT WANT ME ON THE TEAM ANY LONGER, BECAUSE HE "DOES
NOT WANT ANY COMPLAINERS."  NOT WITHSTANDING THE FACT THAT I HAD RECEIVED A MANAGER'S
AWARD THE PREVIOUS TWO YEARS, FOR EXEMPLARY JOB PERFORMANCE, IN ADDITION TO THE 2010
HELIOS AWARD, THE HIGHEST AWARD GIVEN TO A BP EMPLOYEE, MR. ERICKSON GAVE ME AN OVERALL
"BELOW EXPECTATIONS" RATING, WHICH RESULTING IN MY LOSING MY 2010 BONUS.  MR. ERICKSON
THEN PROVIDED ME WITH A LIST OF UNREASONABLE, IF NOT IMPOSSIBLE, EXPECTATIONS I NEEDED TO
COMPLY WITH.  SHORTLY AFTER THIS MEETING, ON THE ADVISE OF MY FAMILY PHYSICIAN AND
PSYCHOLOGIST, I WENT OUT ON LEAVE DUE TO STRESS, IN APRIL OF 2011.  SINCE APRIL OF 2011, I HAVE
CONTINUED TO SEEK A TRANSFER TO OTHER DEPARTMENTS, AND/OR, AN ACCOMODATION FOR MY
SLEEPING DISORDER, BUT, HAVE NOT RECEIVED ANY CONFIRMATION OF ANY ATTEMPT TO
INVESTIGATE, RESOLVE, OR IN ANY MANNER DEAL WITH THE HARASSING ENVIRONMENT I AM
SUBJECTED TO.  AS TO ANY TRANSFER, I HAVE BEEN TOLD IT IS UP TO ME TO FIND A NEW POSITION,
WHICH IS IMPOSSIBLE IN LIGHT OF THE CONSPIRACY TO DEFAME AND MAKE ME APPEAR AN
UNDESIREABLE EMPLOYEE.



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                               Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

January 24, 2012

RE:  E201112R7619-02
<u>TENNEY/ROBINSON, DAN, AS AN INDIVIDUAL</u>

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
Notice of Case Closure

DFEH-200-06 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

January 24, 2012

TENNEY, SCOTT
630 AGATE STREET
LAGUNA BEACH,CA,92651

RE:  E201112R7619-02
     TENNEY/ROBINSON, DAN, AS AN INDIVIDUAL

Dear TENNEY, SCOTT:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 24, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

RICHARD LOPEZ
SENIOR ATTORNEY
BP AMERICA, INC.
6 CENTERPOINTE DR.
LA PALMA, CA 90623

DFEH-200-43 (06/06)

Exhibit D

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E201112R7619-03

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)

TELEPHONE NUMBER (INCLUDE AREA CODE)

TENNEY, SCOTT

(949)275-6713

ADDRESS

630 AGATE STREET

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LAGUNA BEACH,CA,92651 | ORANGE | 059 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| HAMMOND, MARYCLAIRE | (310)816-8100 |

ADDRESS

DFEH USE ONLY

2350 EAST 223RD ST.

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| CARSON, CA 90810 | | |

| NO. OF EMPLOYEES/MEMBERS (If known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 999+ | 01/24/2012 | 03 |

THE PARTICULARS ARE:

I allege that on about or before
01/24/2012 , the following
conduct occurred:

___ termination
___ laid off
___ demotion
___ harassment
___ genetic characteristics testing
___ constructive discharge (forced to quit)
___ impermissible non-job-related inquiry

___ denial of employment
X denial of promotion
X denial of transfer
X denial of accommodation
X failure to prevent discrimination or retaliation
___ retaliation
X other (specify)  Retaliation: Harassment: Denial of Equal Pay.

___ denial of family or medical leave
___ denial of pregnancy leave
___ denial of equal pay
___ denial of right to wear pants
___ denial of pregnancy accommodation

by    HAMMOND, MARYCLAIRE                                              HR MGR.

Name of Person                                              Job Title (supervisor/manager/personnel director/etc.)

because of :

___ sex
___ age
___ religion
___ race/color

___ national origin/ancestry
___ marital status
___ sexual orientation
___ association

X disability (physical or mental)
X medical condition (cancer or
     generic characteristic
X other (specify)  Retaliation for Requesting Protected
     accommodation

X retaliation for engaging in protected
     activity or requesting a protected
     leave or accommodation

State of what you
believe to be the
reason(s) for
discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY EXACTLY 7:30 AM. OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00 AM. IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE DURING THE TIMES I EXPERIENCED PROBLEMS. MR. ERICKSON CONTINUED TO QUESTION, BADGER ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME, MR. ERICKSON TOLD ME THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE EVALUATIONS.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  01/24/2012

At  Santa Ana, CA

DATE FILED:  01/24/2012

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER | DFEH # | E201112R7619-03 |
|---|---|---|
| THE PROVISIONS OF THE CALIFORNIA | | |
| FAIR EMPLOYMENT AND HOUSING ACT | | DFEH USE ONLY |

**State of what you
believe to be the
reason(s) for
discrimination**

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY EXACTLY 7:30 AM. OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00 AM. IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE DURING THE TIMES I EXPERIENCED PROBLEMS. MR. ERICKSON CONTINUED TO QUESTION, BADGER AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME. MR. ERICKSON TOLD ME THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE EVALUATIONS. MR. ERICKSON FREQUENTLY SPOKE OF ME IN UNFLATTERING, SLANDEROUS, AND OFF-COLORED TERMS, WHILE IN MEETINGS WITH OTHERS. HE WOULD SAY THINGS LIKE "TENNEY YOU'RE LIKE A DIME WAITING ON A DOLLAR." I DECIDED TO SEEK A TRANSFER, HOWEVER, WAS NEVER INTERVIEWED FOR ANY OF THE SEVERAL POSITIONS I APPLIED FOR. DURING THE RECRUITMENT PROCESS FOR THE POSITION OF PROCUREMENT CONTRACTS MANAGER, THE HIRING MANAGER ADVISED ME THAT MR. ERICKSON HAD RELAYED NEGATIVE INFORMATION ABOUT ME, AND HE WAS CONCERNED THAT MR. ERICKSON WAS DAMAGING MY REPUTATION. IN 2009 I WENT TO HR TO EXPRESS MY CONCERNS ABOUT MY WORKING CONDITIONS AND MR. ERICKSON'S HARASSMENT OF ME, AND HIS FAILURE TO GRANT MY REQUEST FOR A MINIMAL ACCOMMODATION. I RECEIVED NO RESPONSE. IN 2010 I CONTACTED SEVERAL PEOPLE INCLUDING THE "CONTINUOUS IMPROVEMENT PROGRAM LEADER" AND, THE BUSINESS UNIT LEADER, JORGE LANZA. AGAIN TO NO AVAIL. TOWARDS THE END OF 2010 I AGAIN WENT TO HR, AND THIS TIME MET WITH THE HR MANAGER, MARYCLAIRE HAMMOND. MS. HAMMOND TOLD ME SHE WAS AWARE OF MR. ERICKSON'S CONDUCT AND THAT I "WAS NOT THE ONLY PERSON WHO HAD COMPLAINED ABOUT HIS BEHAVIOR." AGAIN, NO RESPONSE OR FOLLOW UP ACTION. DURING THE FIRST QUARTER OF 2011, I RECEIVED MY LAST EVALUATION FROM MR. ERICKSON, DURING WHICH HE ASKED ME IF I HAD GONE TO HR. I ADVISED HIM I HAD, AND HE RESPONDED THAT THE "ENTIRE REFINERY LEADERSHIP TEAM WAS VERY UPSET WITH YOU." MR. ERICKSON FURTHER INDICATED THAT DAN ROBINSON DID NOT WANT ME ON THE TEAM ANY LONGER, BECAUSE HE "DOES NOT WANT ANY COMPLAINERS." NOT WITHSTANDING THE FACT THAT I HAD RECEIVED A MANAGER'S AWARD THE PREVIOUS TWO YEARS, FOR EXEMPLARY JOB PERFORMANCE, IN ADDITION TO THE 2010 HELIOS AWARD, THE HIGHEST AWARD GIVEN TO A BP EMPLOYEE, MR. ERICKSON GAVE ME AN OVERALL "BELOW EXPECTATIONS" RATING, WHICH RESULTING IN MY LOSING MY 2010 BONUS. MR. ERICKSON THEN PROVIDED ME WITH A LIST OF UNREASONABLE, IF NOT IMPOSSIBLE, EXPECTATIONS I NEEDED TO COMPLY WITH. SHORTLY AFTER THIS MEETING, ON THE ADVISE OF MY FAMILY PHYSICIAN AND PSYCHOLOGIST, I WENT OUT ON LEAVE DUE TO STRESS, IN APRIL OF 2011. SINCE APRIL OF 2011, I HAVE CONTINUED TO SEEK A TRANSFER TO OTHER DEPARTMENTS, AND/OR, AN ACCOMMODATION FOR MY SLEEPING DISORDER, BUT, HAVE NOT RECEIVED ANY CONFIRMATION OF ANY ATTEMPT TO INVESTIGATE, RESOLVE, OR IN ANY MANNER DEAL WITH THE HARASSING ENVIRONMENT I AM SUBJECTED TO. AS TO ANY TRANSFER, I HAVE BEEN TOLD IT IS UP TO ME TO FIND A NEW POSITION, WHICH IS IMPOSSIBLE IN LIGHT OF THE CONSPIRACY TO DEFAME AND MAKE ME APPEAR AN UNDESIREABLE EMPLOYEE.



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

January 24, 2012

RE: E201112R7619-03
<u>TENNEY/HAMMOND, MARYCLAIRE, AS AN INDIVIDUAL</u>

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

Tina Walker
District Administrator

Enclosure: Complaint of Discrimination
Notice of Case Closure

DFEH-200-06 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

January 24, 2012

TENNEY, SCOTT
630 AGATE STREET
LAGUNA BEACH,CA,92651

RE:  E201112R7619-03
     TENNEY/HAMMOND, MARYCLAIRE, AS AN INDIVIDUAL

Dear TENNEY, SCOTT:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 24, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Tina Walker
District Administrator


cc:   Case File


RICHARD LOPEZ
SENIOR ATTORNEY
BP AMERICA, INC.
6 CENTERPOINTE DR.
LA PALMA, CA 90623

DFEH-200-43 (06/06)

Exhibit E

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112R7619-04 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)                                    TELEPHONE NUMBER (INCLUDE AREA CODE)
TENNEY, SCOTT                                                      (949)275-6713

ADDRESS
630 AGATE STREET

CITY/STATE/ZIP                                    COUNTY              COUNTY CODE
LAGUNA BEACH, CA, 92651                           ORANGE              059

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME                                               TELEPHONE NUMBER (Include Area Code)
LANZA, JORGE                                       (310)816-8100

ADDRESS                                                            DFEH USE ONLY
2350 EAST 223RD ST.

CITY/STATE/ZIP                                    COUNTY              COUNTY CODE
CARSON, CA 90810

| NO. OF EMPLOYEES/MEMBERS (If known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 999+ | 01/24/2012 | D4 |

THE PARTICULARS ARE:

I allege that on about or before 01/24/2012, the following conduct occurred:

___ termination
___ laid off
___ demotion
___ harassment
___ genetic characteristics testing
___ constructive discharge (forced to quit)
___ impermissible non-job-related inquiry

___ denial of employment
_X_ denial of promotion
_X_ denial of transfer
_X_ denial of accommodation
_X_ failure to prevent discrimination or retaliation
___ retaliation
_X_ other (specify) Retaliatory Harassment; Denial of Equal Pay;

___ denial of family or medical leave
___ denial of pregnancy leave
___ denial of equal pay
___ denial of right to wear pants
___ denial of pregnancy accommodation

by   LANZA, JORGE                                          BUSINESS UNIT LEADER
        Name of Person                                    Job Title (supervisor/manager/personnel director/etc.)

because of :
___ sex                    ___ national origin/ancestry       _X_ disability (physical or mental)      _X_ retaliation for engaging in protected
___ age                    ___ marital status                 _X_ medical condition (cancer or            activity or requesting a protected
___ religion               ___ sexual orientation                 genetic characteristic                   leave or accommodation
___ race/color             ___ association                    _X_ other (specify) Retaliation for Requesting Protected
                                                                   accommodation

State of what you believe to be the reason(s) for discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY EXACTLY 7:30 AM. OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00 AM. IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE DURING THE TIMES I EXPERIENCED PROBLEMS. MR. ERICKSON CONTINUED TO QUESTION, BADGER AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME. MR. ERICKSON TOLD ME THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE EVALUATIONS. MR.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier. "

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  01/24/2012

At   Santa Ana, CA

                                        DATE FILED:  01/24/2012

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                                      STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E201112R7619-04

DFEH USE ONLY

State of what you
believe to be the
reason(s) for
discrimination

I SUFFER FROM A SLEEPING DISORDER WHICH MAKES IT DIFFICULT TO ALWAYS ARRIVE AT BY JOB BY
EXACTLY 7:30 AM. OTHER EMPLOYEES IN MY DIVISION ARRIVE ANYWHERE BETWEEN 5:30 AM AND 8:00
AM. IN 2007/2008 MY SUPERVISOR, DALE ERICKSON, STARTED QUESTIONING ME ABOUT MY ARRIVAL
TIMES, AT WHICH TIME WE DISCUSSED MY SLEEPING DISORDER AND I REQUESTED HIS PATIENCE
DURING THE TIMES I EXPERIENCED PROBLEMS. MR. ERICKSON CONTINUED TO QUESTION, BADGER
AND THREATEN ME ABOUT THE CONSEQUENCES OF NOT ARRIVING ON TIME. MR. ERICKSON TOLD ME
THAT IF I DIDN'T "STRAIGHTEN THIS OUT" IT WOULD HAVE A NEGATIVE IMPACT ON MY PERFORMANCE
EVALUATIONS. MR. ERICKSON FREQUENTLY SPOKE OF ME IN UNFLATTERING, SLANDEROUS, AND OFF-
COLORED TERMS, WHILE IN MEETINGS WITH OTHERS. HE WOULD SAY THINGS LIKE "TENNEY YOU'RE
LIKE A DIME WAITING ON A DOLLAR." I DECIDED TO SEEK A TRANSFER, HOWEVER, WAS NEVER
INTERVIEWED FOR ANY OF THE SEVERAL POSITIONS I APPLIED FOR. DURING THE RECRUITMENT
PROCESS FOR THE POSITION OF PROCUREMENT CONTRACTS MANAGER, THE HIRING MANAGER
ADVISED ME THAT MR. ERICKSON HAD RELAYED NEGATIVE INFORMATION ABOUT ME, AND HE WAS
CONCERNED THAT MR. ERICKSON WAS DAMAGING MY REPUTATION. IN 2009 I WENT TO HR TO EXPRESS
MY CONCERNS ABOUT MY WORKING CONDITIONS AND MR. ERICKSON'S HARASSMENT OF ME, AND HIS
FAILURE TO GRANT MY REQUEST FOR A MINIMAL ACCOMMODATION. I RECEIVED NO RESPONSE. IN
2010 I CONTACTED SEVERAL PEOPLE INCLUDING THE "CONTINUOUS IMPROVEMENT PROGRAM LEADER"
AND, THE BUSINESS UNIT LEADER, JORGE LANZA. AGAIN TO NO AVAL. TOWARDS THE END OF 2010 I
AGAIN WENT TO HR, AND THIS TIME MET WITH THE HR MANAGER, MARYCLAIRE HAMMOND. MS.
HAMMOND TOLD ME SHE WAS AWARE OF MR. ERICKSON'S CONDUCT AND THAT I "WAS NOT THE ONLY
PERSON WHO HAD COMPLAINED ABOUT HIS BEHAVIOR." AGAIN, NO RESPONSE OR FOLLOW UP ACTION.
DURING THE FIRST QUARTER OF 2011, I RECEIVED MY LAST EVALUATION FROM MR. ERICKSON, DURING
WHICH HE ASKED ME IF I HAD GONE TO HR. I ADVISED HIM I HAD, AND HE RESPONDED THAT THE
"ENTIRE REFINERY LEADERSHIP TEAM WAS VERY UPSET WITH YOU." MR. ERICKSON FURTHER
INDICATED THAT DAN ROBINSON DID NOT WANT ME ON THE TEAM ANY LONGER, BECAUSE HE "DOES
NOT WANT ANY COMPLAINERS." NOT WITHSTANDING THE FACT THAT I HAD RECEIVED A MANAGER'S
AWARD THE PREVIOUS TWO YEARS, FOR EXEMPLARY JOB PERFORMANCE, IN ADDITION TO THE 2010
HELIOS AWARD, THE HIGHEST AWARD GIVEN TO A BP EMPLOYEE, MR. ERICKSON GAVE ME AN OVERALL
"BELOW EXPECTATIONS" RATING, WHICH RESULTING IN MY LOSING MY 2010 BONUS. MR. ERICKSON
THEN PROVIDED ME WITH A LIST OF UNREASONABLE, IF NOT IMPOSSIBLE, EXPECTATIONS I NEEDED TO
COMPLY WITH. SHORTLY AFTER THIS MEETING, ON THE ADVISE OF MY FAMILY PHYSICIAN AND
PSYCHOLOGIST, I WENT OUT ON LEAVE DUE TO STRESS, IN APRIL OF 2011. SINCE APRIL OF 2011, I HAVE
CONTINUED TO SEEK A TRANSFER TO OTHER DEPARTMENTS, AND/OR, AN ACCOMMODATION FOR MY
SLEEPING DISORDER, BUT, HAVE NOT RECEIVED ANY CONFIRMATION OF ANY ATTEMPT TO
INVESTIGATE, RESOLVE, OR IN ANY MANNER DEAL WITH THE HARASSING ENVIRONMENT I AM
SUBJECTED TO. AS TO ANY TRANSFER, I HAVE BEEN TOLD IT IS UP TO ME TO FIND A NEW POSITION,
WHICH IS IMPOSSIBLE IN LIGHT OF THE CONSPIRACY TO DEFAME AND MAKE ME APPEAR AN
UNDESIREABLE EMPLOYEE.



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

January 24, 2012

RE:    E201112R7619-04
<u>TENNEY/LANZA, JORGE, AS AN INDIVIDUAL</u>

### NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

Phyllis W. Cheng, Director

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

January 24, 2012

TENNEY, SCOTT
630 AGATE STREET
LAGUNA BEACH,CA,92651

RE: E201112R7619-04
TENNEY/LANZA, JORGE, AS AN INDIVIDUAL

Dear TENNEY, SCOTT:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 24, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator


cc:   Case File


RICHARD LOPEZ
SENIOR ATTORNEY
BP AMERICA, INC.
6 CENTERPOINTE DR.
LA PALMA, CA 90623

DFEH-200-43 (06/06)

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

James T. Jackson, Esq. (SBN 153587)
MERHAB ROBINSON & JACKSON
A PROFESSIONAL CORPORATION
1551 North Tustin Ave., Ste. 910
Santa Ana, CA 92705
TELEPHONE NO.: (714) 972-2333      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff SCOTT TENNEY, an individual

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 West Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: SCOTT TENNEY, an individual

DEFENDANT/RESPONDENT: BP WEST COAST PRODUCTS, LLC, a
Delaware Limited Liability Company, et al.,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG - 7 2012

ALAN CARLSON, Clerk of the Court

CASE NUMBER: **30-2012**
**00589281**

JUDICIAL OFFICER: **JUDGE GREGORY H. LEWIS**
**DEPT. C26**

| NOTICE OF RELATED CASE | DEPT.: |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Scott Tenney vs. BP West Coast Products, LLC, et al.,
   b. Case number: BC481848
   c. Court: ☐ same as above
      ☒ other state or federal court *(name and address):* Los Angeles Superior Court, 111 North Hill St.,
      Los Angeles, CA 90012
   d. Department:
   e. Case type: ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

   f. Filing date: April 6, 2012
   g. Has this case been designated or determined as "complex?"  ☐ Yes  ☒ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      ☒ Involves the same parties and is based on the same or similar claims.
      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of
         the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☐ pending
      ☒ dismissed  ☐ with  ☒ without prejudice
      ☐ disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: ☐ same as above
      ☐ other state or federal court *(name and address):*

   d. Department:

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Legal
Solutions
Plus

Cal. Rules of Court, rule 3.300

CM-015

| PLAINTIFF/PETITIONER:  SCOTT TENNEY, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  BP WEST COAST PRODUCTS, LLC, a Delaware Limited Liability Company, et al. | |

2.  (continued)

e.  Case type:  ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other (specify):

f.  Filing date:

g.  Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

h.  Relationship of this case to the case referenced above (check all that apply):

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i.  Status of case:

☐ pending

☐ dismissed   ☐ with   ☐ without prejudice

☐ disposed of by judgment

3.  a.  Title:

b.  Case number:

c.  Court:  ☐ same as above

☐ other state or federal court (name and address):

d.  Department:

e.  Case type:  ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other (specify):

f.  Filing date:

g.  Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

h.  Relationship of this case to the case referenced above (check all that apply):

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i.  Status of case:

☐ pending

☐ dismissed   ☐ with   ☐ without prejudice

☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date:  August 7, 2012

James T. Jackson, Esq.
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER: SCOTT TENNEY, an individual<br><br>DEFENDANT/RESPONDENT: BP WEST COAST PRODUCTS, LLC, a<br>Delaware Limited Liability Company, et al., | CASE NUMBER: |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
James T. Jackson, Esq.(SBN 153587)
MERHAB ROBINSON & JACKSON
A PROFESSIONAL CORPORATION
1551 North Tustin Ave., Ste. 910
Santa Ana, CA 92705
TELEPHONE NO.: (714) 972-2333          FAX NO.:
ATTORNEY FOR (Name): Plaintiff SCOTT TENNEY, an individual

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 West Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: SCOTT TENNEY vs. BP WEST COAST PRODUCTS, LLC, a Delaware Limited Liability Company, et al

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG -7 2012

ALAN CARLSON, Clerk of the Court

CASE NUMBER: 30-2012-00589281

JUDGE GREGORY H. LEWIS
DEPT. C26

Amended CIVIL CASE COVER SHEET

| | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

Auto Tort
[ ] Auto (22)
[ ] Uninsured motorist (46)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
Non-PI/PD/WD (Other) Tort
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
Employment
[ ] Wrongful termination (36)
[X] Other employment (15)

Contract
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
Real Property
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
Enforcement of Judgment
[ ] Enforcement of judgment (20)
Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence              f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 12
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: August 7, 2012
James T. Jackson, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Amended CIVIL CASE COVER SHEET

Legal Solutions ® Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403;
Cal. Standards of Judicial Administration, std. 3

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach—Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
        Case Matter
    Writ—Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 1590.1 of the California Rules of Court require you to serve a copy of the ADR information package along with the complaint and/or cross-complaint.**

California Rules of Court - Rule 1590.1
Information about ADR

(a)     Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b)     The plaintiff shall serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants shall serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701<br>☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653<br>☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500<br>☐ West - 8141 13th Street, Westminster, CA 92683 | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF:<br><br>DEFENDANT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**<br>☐ Unlimited Civil    ☐ Limited Civil | CASE NUMBER: |

Plaintiff(s), _____ and

defendant(s), _____

agree to the following dispute resolution process:

☐   Mediation

☐   Arbitration (must specify code)
       ☐    Under Section 1141.11 of the Code of Civil Procedure
       ☐    Under Section 1280 of the Code of Civil Procedure

☐   Neutral Case Evaluation

☐   Other (specify): _____

☐   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

_____

_____

_____

We understand that there may be a charge for services provided by private arbitrators and mediators.

Date:_____        _____        _____
                    *PLAINTIFF/ATTORNEY*          *PLAINTIFF/ATTORNEY*

Date:_____        _____        _____
                    *DEFENDANT/ATTORNEY*        *DEFENDANT/ATTORNEY*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

1270 (Rev. 7/02)                                                                                    CRC 1590.3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## Did you know that most civil lawsuits settle without a trial?

### Introduction
And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

### Advantages of ADR
ADR can have a number of advantages over a lawsuit.

ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years. ADR can save money. Court costs, attorneys fees, and expert fees can be saved. ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome. ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other. ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of ADR
ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### Three Common Types of ADR
This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### MEDIATION
In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## Did you know that most civil lawsuits settle without a trial?

**Introduction**
And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

**Advantages of ADR**
ADR can have a number of advantages over a lawsuit.

ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years. ADR can save money. Court costs, attorneys fees, and expert fees can be saved. ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome. ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other. ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

**Disadvantages of ADR**
ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections,  including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.  There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**Three Common Types of ADR**
This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

**MEDIATION**
In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James T. Jackson, Esq.(SBN 153587)<br>MERHAB ROBINSON & JACKSON<br>A PROFESSIONAL CORPORATION<br>1551 North Tustin Ave., Ste. 910<br>Santa Ana, CA 92705 | |

TELEPHONE NO.: (714) 972-2333    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff SCOTT TENNEY, an individual

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

STREET ADDRESS: 700 West Civic Center Drive

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92705

BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: SCOTT TENNEY, an individual

DEFENDANT/RESPONDENT: BP WEST COAST PRODUCTS, LLC, a Delaware
Limited Liability Company; BP PRODUCTS NORTH AMERICA, INC. a
Maryland corporation; et al.,

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>30-2012-00589281 |
|---|---|

TO *(insert name of party being served):* Maryclaire Hammond, an individual

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 24, 2012

James T. Jackson, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Notice of Related Case; Civil Case Cover Sheet; Civil Department Calendar Scheduling Chart; ADR Information Package

*(To be completed by recipient):*

Date this form is signed: 9/5/12

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 415.30, 417.10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James T. Jackson, Esq.(SBN 153587)<br>MERHAB ROBINSON & JACKSON<br>A PROFESSIONAL CORPORATION<br>1551 North Tustin Ave., Ste. 910<br>Santa Ana, CA 92705<br>TELEPHONE NO.: (714) 972-2333        FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff SCOTT TENNEY, an individual | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 700 West Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92705
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: SCOTT TENNEY, an individual

DEFENDANT/RESPONDENT: BP WEST COAST PRODUCTS, LLC, a Delaware
Limited Liability Company; BP PRODUCTS NORTH AMERICA, INC. a
Maryland corporation; et al.,

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2012-00589281 |
|---|---|

TO *(insert name of party being served)*: Dan Robinson, an individual

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 24, 2012

James T. Jackson, Esq. _____    ▶ _____
          (TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*:   Notice of Related Case; Civil Case Cover Sheet; Civil Department Calendar
       Scheduling Chart; ADR Information Package

*(To be completed by recipient)*:
Date this form is signed: 9/5/12

_____                                ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 415.30, 417.10

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )    ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On September 7, 2012 , I served the within documents:

### DECLARATION OF CASEY J.T. MCCOY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

☐ I sent such document from facsimile machine (213) 270-9601.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 270-9601 which confirms said transmission and receipt.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

James T. Jackson, Esq.                    *Attorneys for Plaintiff*
Hope Erin Gray, Esq.
MERHAB ROBINSON & JACKSON
1551 North Tustin Avenue, Suite 910
Santa Ana, California  92705
jackson@mrjlaw.net
hgray@mrjlaw.net
Telephone:  (714) 972-2333
Facsimile:   (714) 972-2296

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 7, 2012, at Los Angeles, California.

_____
                                    Elsa Terre